UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD EDWARDS,<br><br>                    Plaintiff,<br>    v.<br><br>WASHOE COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>                    Defendants. | Case No. 2:17-cv-02174-APG-VCF<br><br>ORDER |

## I.    DISCUSSION

On August 6, 2018, the Court issued a screening order permitting the following claims to proceed: the portions of Count I alleging Fourteenth Amendment due process claims for failure to protect and deliberate indifference to serious medical needs against Defendant Zerby; Count II, alleging a Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Defendant Ramirez; and the portion of Count III alleging a Fourteenth Amendment due process claim for failure to protect against Defendants Zerby, Washoe County Sheriff's Office, and WCJ Transport. (ECF No. 11 at 14-16). The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of the following claims: the portions of Count I alleging Fourteenth Amendment due process claims for failure to protect and deliberate indifference to serious medical needs against Defendants Sergeant Terelak,

1

Sergeant J. Bailey, Sergeant Beard, Deputy Simmons, and Lieutenant Iacoboni ; and the portion of Count III alleging a Fourteenth Amendment due process claim for failure to protect against Defendant Terelak. (*Id.*)

The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on the following claims: the portions of Count I alleging Fourteenth Amendment due process claims for failure to protect and deliberate indifference to serious medical needs against Defendant Zerby; Count II, alleging a Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Defendant Ramirez; and the portion of Count III alleging a Fourteenth Amendment due process claim for failure to protect against Defendants Zerby, Washoe County Sheriff's Office, and WCJ Transport. (*Id.* at 14-16). Because Plaintiff has not filed an amended complaint, pursuant to the screening order, this action shall proceed on those claims.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that, pursuant to the Court's screening order (ECF No. 11), this action shall proceed on the following claims: the portions of Count I alleging Fourteenth Amendment due process claims for failure to protect and deliberate indifference to serious medical needs against Defendant Zerby; Count II, alleging a Fourteenth Amendment due process claim for deliberate indifference to serious medical needs against Defendant Ramirez; and the portion of Count III alleging a Fourteenth Amendment due process claim for failure to protect against Defendants Zerby, Washoe County Sheriff's Office, and WCJ Transport.

IT IS FURTHER ORDERED that the Clerk of Court SHALL ISSUE summonses for Defendants Zerby, Ramirez, Washoe County Sheriff's Office, and WCJ Transport, AND DELIVER THE SAME, to the U.S. Marshal for service. The Clerk SHALL SEND to Plaintiff four (4) USM-285 forms. The Clerk also SHALL SEND a copy of the complaint (ECF No.

12) and a copy of this order to the U.S. Marshal for service on Defendant(s). Plaintiff shall have thirty (30) days within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form. Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that henceforth, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: This 12th day of September , 2018.

_____
United States Magistrate Judge

3