|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | RICHARD EDWARDS, | Case No.: 2:17-cv-02174-APG-VCF |
| 4 | Plaintiff | **Order Granting Motion to Dismiss and Denying Motion to Strike** |
| 5 | v. | [ECF Nos. 19, 26] |
| 6 | WASHOE COUNTY SHERIFF'S OFFICE, et al., | |
| 7 | Defendants | |

The screening order in this case allowed a due process claim to proceed against defendant Washoe County Sheriff's Office. ECF Nos. 11 at 15; 14. Defendant Washoe County Sheriff's Office and its Jail Transport Unit move to dismiss, arguing that they are not entities capable of suing or being sued in their own names. Plaintiff Richard Edwards responds by moving to strike the motion. He argues the merits of his claim without addressing whether the Washoe County Sheriff's Office is capable of being sued in its own name.

The defendants' capacity to sue or be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Nevada law, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (holding that the Washoe County District Attorney's office was not a suable entity). The "State of Nevada has not waived immunity on behalf of its departments of political subdivisions." *Id.* (citing Nev. Rev. Stat. § 41.031). The Washoe County Sheriff's Office has not been conferred the power to sue and be sued in its own name. *See Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1164 (D. Nev. 1998). Because the Washoe County Sheriff's Office is merely a department of Washoe

County, it lacks the capacity to be sued and will be dismissed from this action with prejudice. The screening order did not identify any claims proceeding against the Jail Transport Unit, but to the extent Edwards is attempting to assert a claim against the Unit, that also would fail as a matter of law for the same reasons. However, I grant Edwards leave to amend to name the proper defendant, Washoe County.

IT IS THEREFORE ORDERED that defendant Washoe County Sheriff's Office's motion to dismiss **(ECF No. 19) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff Richard Edwards' motion to strike **(ECF No. 26) is DENIED**.

IT IS FURTHER ORDERED that by June 10, 2019, plaintiff Richard Edwards may file an amended complaint with the only permissible amendment being to substitute Washoe County for the Washoe County Sheriff's Department.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Edwards the approved form for filing a § 1983 complaint and instructions for the same. If Edwards chooses to file an amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint must be complete in itself and may not incorporate by reference any part of a prior complaint.

DATED this 21st day of May, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE